UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| EUGENE SCALIA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> SHOOTING GALLERY RANGE, INC., and <br> JOHNNY LWIN, an individual. <br><br><br> Defendant. | CASE NO.: <br><br><br><br><br><br><br><br><br><br><br><br> **C O M P L A I N T** <br> **(Injunctive Relief Sought)** |

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary"), brings this action for injunctive and other appropriate relief pursuant to the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, *et seq.*, hereinafter the "Act."

1. Jurisdiction over this action is conferred upon the Court by § 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

2. This action is brought by the Secretary pursuant to authority granted by Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

3. At all times material hereto, Defendant Shooting Gallery Range Inc., ("Shooting Gallery"), has been a person within the meaning of § 3(4) of the Act, 29 U.S.C. § 652(4), and an employer engaged in a business affecting commerce within the meaning of § 3(5) of the Act, 29 U.S.C. § 652(5).

4. At all times material hereto, Defendant Johnny Lwin ("Lwin"), a person within the meaning of § 3(4) of the Act [29 U.S.C. § 652(4)], has been the owner and president

of Shooting Gallery, a business affecting commerce within the meaning of § 3(5) of the Act [29 U.S.C. § 652(5)].  Defendant Lwin supervised Shooting Gallery employees in Orlando, Florida, within the jurisdiction of this Court.

5. Defendant Shooting Gallery Range, Inc. is a corporation that operates and conducts business in Orlando, Florida and is therefore within the jurisdiction of this Court.

6. From about January 2015 until July 6, 2016, Christopher Moore ("Moore") was employed by Shooting Gallery as a Safety Range Officer and was therefore an employee of Shooting Gallery within the meaning of § 3(6) of the Act, 29 U.S.C. § 652(6).

7. On June 21, 2016, Moore learned that his children tested positive for lead poisoning, and he became concerned that the children's lead poisoning may have resulted from his own exposure to high lead levels at the Shooting Gallery.

8. Two days later, on June 23, 2016, Moore's fiancée went to Shooting Gallery while Moore was working and spoke to his manager, Tracy Robertson ("Robertson") about whether the children's lead level could have resulted from Moore's own exposure to high levels of lead at Shooting Gallery.

9. Robertson indicated it was Moore's fault if he exposed his children to high levels of lead, and that it was not the owner's responsibility to protect him or take care of his hygiene.

10. Moore's fiancée explained that the children's physician had already reported the findings of lead poisoning to the Orange County Health Department, and the health department would be visiting Shooting Gallery.  She said that she and Moore would cooperate with the health department and contact OSHA.

11. Robertson directed Moore to tell Defendant Lwin about the health department inspection and told Moore he was sure Lwin would terminate Moore.

12. On June 24, 2016, Moore submitted a formal complaint to OSHA regarding nine separate items, including lead exposure and poor ventilation.

13. On Thursday, June 30, 2016, OSHA opened safety and health inspections at the Shooting Gallery. After OSHA left Shooting Gallery, Robertson told Moore that he was certain that an employee had complained to OSHA because OSHA had a lot of insider information.

14. Less than a week later, on Wednesday July 6, 2016, Robertson terminated Moore's employment at Defendant Lwin's direction.

15. On November 30, 2016, OSHA issued three citation items as a result of the inspection begun on June 30, 2016, including citations for exposure to three times the permissible amount of lead in the lobby and shooting range, accumulations of lead on surfaces around the range, and failure to train employees on hazards associated with lead in the work area.

16. On July 7, 2016, Moore filed a timely complaint with OSHA, alleging that the aforesaid discharge constituted discrimination in violation of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

17. Upon receipt of such complaint, OSHA conducted an investigation pursuant to § 11(c)(2) of the Act, and determined that Shooting Gallery had violated § 11(c)(1) of the Act in the discharge of Moore.

18. Upon information and belief, as a consequence of Moore's complaints to OSHA and his fiancée's complaints to Shooting Gallery regarding high lead levels at Shooting Gallery, which complaints were protected activities under the Act, and Defendants' knowledge

of the complaints and knowledge and/or belief that Moore initiated the OSHA complaint, Defendants retaliated against Moore by discharging him from his employment.

      19.      By the acts described above, Defendants did intentionally discriminate and are discriminating against Moore because of his exercise of rights secured by the Act. Defendants thereby did engage in, and continue to engage in, conduct which violates Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

      20.      As a result of this unlawful discrimination, Moore suffered lost wages and other benefits, as well as other losses and harm, including emotional distress, related to his termination.

      21.      Further, Defendants' actions have a chilling effect on employees' exercise of rights under the Act because their decision to terminate deters employees from reporting potential safety and health hazards at the worksite and/or from cooperating with OSHA in future investigations.

      WHEREFORE, cause having been shown, the Secretary prays the Court to enter an Order:

      (1)      finding that Defendants Shooting Gallery and Lwin unlawfully discriminated against Moore in violation of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1);

      (2)      permanently enjoining Shooting Gallery, Lwin, and their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1);

      (3)      directing Shooting Gallery to make Moore whole through payment of his lost wages, other benefits, and compensatory damages suffered by reason of such unlawful

discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code Section 6621, 26 U.S.C. § 6621, from the date of discharge until the present;

   (4) directing Lwin, in his personal capacity, to make Moore whole through payment of his lost wages, other benefits, and compensatory damages suffered by reason of such unlawful discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code section 6621, 26 U.S.C. § 6621;

   (5) directing Shooting Gallery to offer reemployment to Moore at a position Moore is capable of performing with comparable pay and benefits to his last position with Shooting Gallery, or in the alternative, ordering it to pay Moore front pay in lieu of reinstatement;

   (6) directing Shooting Gallery and Lwin to expunge from all records references to Moore's termination;

   (7) directing Shooting Gallery and Lwin to post a notice for their employees stating Shooting Gallery and Lwin will not in any manner discriminate against employees because of their engagement in activities protected under the Act;

   (8) granting a reasonable amount of punitive damages;

   (9) granting the Secretary his costs; and

   (10) further ordering such other appropriate relief as may be necessary or appropriate.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5471
 (404) 302-5438 (FAX)
Moukalif.monica.r@dol.gov
ATL.FEDCOURT@dol.gov

SOL Case No. 19-00039

KATE S. O'SCANNLAIN
Solicitor of Labor

TREMELLE I. HOWARD
Acting Regional Solicitor

CHANNAH S. BROYDE
Counsel


By:  /s/ Monica R. Moukalif
     MONICA R. MOUKALIF
     Senior Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff